UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOUTHERN-OWNERS INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 09-cv-1697 |
| TOMAC OF FLORIDA, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Tomac of Florida, Inc.'s Motion to Dismiss Plaintiff Southern-Owners Insurance Company's Complaint (Doc. No. 7). For the following reasons, Defendant's Motion must be granted.

## I.   BACKGROUND

Plaintiff is the general liability insurance provider for Defendant, a Florida-based corporation. On February 19, 2009, Daniel Mendez, along with eight other plaintiffs, filed a collective action lawsuit in the United States District Court for the Southern District of Texas, seeking damages under the Fair Labor Standards Act. In this suit ("the Mendez Suit"), Mendez and the other plaintiffs allege that Defendant and five other parties failed to properly compensate them and other employees for overtime work. (Pl. Compl. ¶ 8.) Subsequently, Defendant submitted a claim to Plaintiff under its insurance policy, seeking defense and indemnification with respect to the Mendez Suit. (*Id.* ¶ 9.) Plaintiff then tendered an initial defense to Defendant, but alleges that it validly reserved the right under the insurance policy to revoke that defense. (*Id.* ¶ 10.)

Plaintiff now brings this action seeking a declaration that it has no obligation to defend and indemnify Defendant with respect to the claims in the Mendez Suit. It also seeks an award of attorney's fees and costs incurred in bringing this action, and reimbursement of payments made in tendering Defendant's defense in the Mendez Suit. Defendant now moves to dismiss this action, alleging that this court lacks subject matter jurisdiction over these claims.

## II.     MOTION TO DIMISS

### A.     FED. R. CIV. P. 12(b)(1)

The court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

### B.     28 U.S.C. § 1332

In this case, Plaintiff admits that this Court lacks federal subject matter jurisdiction. (Pl. Resp. at 1.) However, it maintains that jurisdiction exists under 28 U.S.C. § 1332 based upon diversity of citizenship. Under this statute "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs, and is between—(1) citizens of different

2

States; . . . ." *Id.* Neither party contests that Plaintiff and Defendant are residents of different states and therefore diverse. Rather, the issue here is whether Plaintiffs have sufficiently alleged an amount in controversy greater than $75,000 such that this Court may hear this case.

## III.   AMOUNT IN CONTROVERSY

### A.   Standard

Ordinarily, a court assesses the amount in controversy through invoking the "legal certainty" test, under which it must appear to a legal certainty that the plaintiff's claim is worth less than the jurisdictional amount in order to justify dismissal. *See St. Paul Mercury Indemnity Company v. Red Cab Company,* 303 U.S. 283, 288 (1938); *St. Paul Reins Co. v. Greenberg,* 134 F.3d 1250 (5th Cir. 1998). However, in cases where the plaintiff's complaint does not specify a particular amount of damages, or alleges indeterminate damages, courts routinely use a "preponderance of the evidence" standard to assess the value of the claim. *See, e.g., De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995), *cert. denied,* 516 U.S. 865 (1995); *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996).

Although this preponderance standard is most often used in the context of removal from state to federal court, thereby placing the burden of proof on the defendant, the 5th Circuit has stated that those cases are "instructive in the converse context of declaratory judgment actions," where it is the plaintiff who must show that jurisdiction exists. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). In applying the preponderance standard, "the district court must first examine the

complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335-36 (5th Cir. 1995)). In the instant case, the parties agree that the amount in controversy is measured by the value of the underlying claim, or the Mendez Suit, and that the plaintiffs in that case do not allege a particular amount of damages in their complaint. Therefore, in order to overcome Defendant's Motion, Plaintiff must show by a preponderance of the evidence that the value of the Mendez Suit exceeds $75,000.

**B.      Analysis**

Plaintiff currently fails to meet the preponderance standard necessary for this Court to assert jurisdiction over this case. Plaintiff points out that the Mendez Suit seeks damages in the form of reimbursement of unpaid overtime compensation, liquidated damages, attorneys fees, and reimbursement of unpaid wages under Texas law. Plaintiff further contends that, although at the time its brief was filed there were only eleven plaintiffs, there are potentially as many as 1,000 plaintiffs in the Mendez Suit. In addition, the Mendez Suit complaint alleges that each plaintiff is owed "thousand of dollars" in unpaid compensation. Thus, concludes Plaintiff, the Mendez suit is clearly worth over $75,000 on its face.

However, the Court finds these assertions insufficient to meet the preponderance standard. Currently, nearly three months after Plaintiff filed its Response, there are still only eleven plaintiffs in the Mendez Suit. In order for the amount in controversy requirements to be met, each of these plaintiffs would need to allege approximately

$7,000 in damages. Plaintiff gives no indication of whether the "thousands of dollars" in unpaid compensation even approaches this amount. It provides no figures, whether concrete or estimates, as to the number of hours for which the Mendez plaintiffs were denied compensation. Plaintiff also gives no indication of the likelihood that additional plaintiffs will be added to that suit. Therefore, it is not facially apparent that the underlying claim exceeds the jurisdictional amount.[1]

Furthermore, Defendant, in its Motion, includes an affidavit from William Stokley, a project manager employed with Defendant, claiming that the Mendez Suit plaintiffs were not in fact employed by Defendant. (William Stokley Aff. ¶ 5.) While the Court acknowledges that this affidavit is of limited value in its determination, Plaintiff does bear the burden of the proof in this case. Therefore, that Plaintiff offers no documentary evidence to counter this testimony or to otherwise support its contention that the damages in the Mendez Suit will be substantial, further indicates that the preponderance standard has not been met. Thus, on the basis of the information now before the Court, we find that we lack jurisdiction to hear this case.

## IV.   JURISDICTIONAL DISCOVERY

### A.   Standard

Plaintiff further requests that, should the Court make an initial determination that jurisdiction does not exist in this matter, it be granted the opportunity to conduct additional discovery to more definitively determine the amount in controversy. Jurisdictional discovery is within the discretion of a trial court. *See Patterson v. Dietze,*

---

[1] In oral argument, Plaintiff argued that because it seeks reimbursement of attorneys fees incurred in the Mendez Suit from Defendant, this amount should also be considered in the amount in controversy determination. The amount and nature of the attorneys fees in the Mendez Suit are, at this point, highly uncertain, as that suit is still ongoing. Therefore, the Court does not find that the claim for attorneys fees adequately cures the deficiencies in Plaintiff's complaint in meeting the preponderance standard.

*Inc.*, 764 F.2d 1145 (5th Cir. 1985); *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). This discretion has few limitations, although a party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion. *Freeman v. U.S.*, 556 F.3d 326, 342 (5th Cir. 2009). If the plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of facts that would create jurisdiction, the right to conduct jurisdictional discovery should be sustained. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).

**B.    Analysis**

Plaintiff briefly addresses the issue of whether additional discovery might lead to facts that would establish jurisdiction. Plaintiff states that additional discovery might reveal (1) the identity of people working for Defendant during the relevant period who may be represented by the future class; and (2) the longevity of employment, the number of hours worked, and the hourly rate. However, Plaintiff has been unable to assert with any degree of certainty or specificity whether or when these facts will become available to them. Months after the initial Complaint was filed, the Court allowed oral argument on this Motion to give Plaintiff the opportunity to present any additional jurisdictional facts that might more definitely show that jurisdictional discovery is warranted in this case. As Plaintiff had no more factual support in its oral presentation than is contained in its written briefs, this Court does not find that Plaintiff is entitled to a period of jurisdictional discovery.

The Court further notes the somewhat troubling implication of allowing Plaintiff to conduct further discovery as to the value of the Mendez Suit. In essence, Plaintiff would be gathering facts to suggest that the value of the Mendez Suit is higher than what Defendant alleges in its briefs. In so gathering these facts, Plaintiff might ultimately be seeking out information that is adverse and detrimental to its position in the Mendez Suit.

IV.    **CONCLUSION**

Defendant Tomac of Florida, Inc.'s Motion to Dismiss, (Doc. No. 7), is hereby **GRANTED**.

**IT IS SO ORDERED**.

**SIGNED** this 20th day of October, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE