UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOUTHERN-OWNERS INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 09-cv-1697 |
| TOMAC OF FLORIDA, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Tomac of Florida, Inc.'s ("Defendant") Motion for Attorneys' Fees (Doc. No. 18). For the following reasons, the Court finds that Defendant's Motion should be denied.

I.  BACKGROUND

Plaintiff Southern-Owners Insurance Company ("Plaintiff") is the general liability insurance provider for Defendant, a Florida-based corporation. On February 19, 2009, Daniel Mendez, along with eight other plaintiffs, filed a collective action against Defendant in the United States District Court for the Southern District of Texas, seeking damages under the Fair Labor Standards Act. In this suit (the "Mendez Suit"), Mendez and the other plaintiffs allege that Defendant and five other parties failed to properly compensate them and other employees for overtime work. (Pl. Compl., Doc. No. 1, ¶ 8.) Subsequently, Defendant submitted a claim to Plaintiff under its insurance policy, seeking defense and indemnification with respect to the Mendez Suit. (*Id.* ¶ 9.) Plaintiff then tendered an initial defense to Defendant, but alleges that it validly reserved the right under the insurance policy to revoke that defense. (*Id.* ¶ 10.)

Plaintiff then brought this action seeking a declaration that it has no obligation to defend and indemnify Defendant with respect to the claims in the Mendez Suit. It also sought an award of attorneys' fees and costs incurred in bringing this action, and reimbursement of payments made in tendering Defendant's defense in the Mendez Suit. Defendant then moved to dismiss this action, alleging that this Court lacked subject matter jurisdiction over Plaintiff's action. (Doc. No. 7.) Defendant also moved to dismiss Plaintiff's request for attorneys' fees on the grounds that it failed to state a claim upon which relief could be granted. (*Id.*) The Court granted Defendant's motion to dismiss, holding that it lacked subject matter jurisdiction to hear the case because it did not meet the amount in controversy requirement for diversity jurisdiction. (Doc. No. 17.) The Court did not reach the question of attorneys' fees in its order. Defendant now moves to recover its attorneys' fees and costs incurred in defending this suit under Texas and Florida law.

## II. DIMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION AND ATTORNEYS' FEE AWARDS

As a preliminary matter, and although the parties did not raise this issue in their briefs, this Court must determine whether it has the authority to award fees under state statutory provisions when it lacks diversity jurisdiction over this case. It is well settled that a district court may not adjudicate the merits of a claim once it has determined that it lacks subject matter jurisdiction. *See, e.g., Stanley v. CIA*, 639 F.2d 1146, 1157 (5th Cir. 1981). In some instances, however, an award of fees has been found to be collateral to the merits of a case, and therefore within a court's jurisdiction even if the court cannot consider the underlying merits of the claim. *See, e.g., Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992) (holding that a district court acts within the scope valid federal

procedures in imposing Federal Rule of Civil Procedure 11 sanctions after it has been determined that it lacks subject matter jurisdiction over a case); *Ratcliff v. Stewart*, 508 F.3d 225, 231 (5th Cir. 2007) (holding that a request for attorneys' fees under 28 U.S.C. Section 1927, like that under Rule 11, falls under the court's collateral jurisdiction); *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) (holding that the award of fees pursuant to 29 U.S.C. Section 1447(c) is collateral to the decision to remand a case back to state court for want of jurisdiction). These cases, however, address a federal court's authority to award attorneys' fees pursuant to the power and authority explicitly granted to it *under federal laws*. A district court's authority to award fees pursuant to Rule 11 or Sections 1919 and 1447(c) of the United States Code, even where it has no jurisdiction over the underlying claim, is far clearer than in this case, where Defendant seeks to enforce *state* statutory fee provisions against Plaintiff in federal court.[1] Because the court has concluded that it lacks diversity jurisdiction over Plaintiff's action, its authority to enforce state statutes affecting substantive rights in connection with the dismissed action is subject to question.

It is abundantly clear that, when a court is validly exercising diversity jurisdiction, it can and should award attorneys' fees pursuant to state substantive law. However, few courts have directly addressed the precise question of whether a court may do the same in cases where it lacks lawful diversity jurisdiction. One district court in the Ninth Circuit reasoned that "[w]here attorney's fees are not sought as a sanction pursuant to Rule 11, the general rule is that a district court lacks jurisdiction to award attorney's fees where it

---

[1] Although Defendant cites 28 U.S.C. Section 2202 in support of its Motion, this provision does not explicitly confer the authority to award attorneys' fees, and is applicable only when a declaratory judgment has been rendered. The Court could, therefore, look only to the cited state statutes in evaluating this fee request.

3

*Helicopters, LLC*, 2007 WL 4258237, at *1 (S.D. Cal. Dec. 3, 2007) (citing cases); *see also Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007) (stating that "[a] court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees"); *Ass'n for Retarded Citizens v. Thorne*, 68 F.3d 547, 552 (2d Cir. 1995) (holding that defendant cannot obtain awards of fees under 42 U.S.C. Section 1988 if the district court lacks subject matter jurisdiction).The exception to this general rule is when the fee statute itself contains an independent grant of jurisdiction. *Id.* In *Archer*, the court faced the precise issue now before this Court, and concluded that the court lacked the authority to award fees pursuant to state statutes when the underlying action was dismissed for want of diversity jurisdiction. *Id.* at *4. Similarly, the Fifth Circuit has held that a district court that dismisses an ERISA action for lack of subject matter jurisdiction also lacks jurisdiction to entertain a request for fees under the same provision. *Cliburn v. Police Jury Ass'n of Louisiana, Inc.*, 165 F.3d 315, 316 (5th Cir. 1999).

The logical extension of this reasoning is that, if this Court lacks jurisdiction to hear claims brought under Florida or Texas law, it also lacks jurisdiction to entertain a request for fees pursuant to those laws as well. Outside of the exercise of valid diversity jurisdiction, state laws have no bearing upon the authority of federal courts, and therefore cannot bestow fee-shifting power. *See* 28 U.S.C. § 1652. Indeed, it is presumably partly due to this fact that 28 U.S.C. Section 1447(c) has been so readily relied upon to allow federal courts to award fees even in cases where they lack subject matter jurisdiction and must remand a case back to state court.[2] Accordingly, this Court must conclude that,

---

[2] Notably, if Plaintiff is in fact pursuing its dismissed claims in state court, this Court's dismissal of Plaintiff's action in essence functioned as a remand. Defendant might have therefore argued that it is

because it is without jurisdictional authority to enforce state laws against the parties in this case, it cannot award fees pursuant to state statutory provisions.

Nonetheless, a few courts have found that a district court sitting in diversity can award attorneys' fees to a "prevailing party" under applicable state law, despite a dismissal for lack of subject matter jurisdiction. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 887-88 (9th Cir. 2000); *cf. Anderson v. Melwani*, 179 F.3d 763, 765-66 (9th Cir. 1999) (awarding contractual attorneys' fees despite dismissal of plaintiff's action for lack of subject matter jurisdiction). First, those cases can be readily distinguished from this one because they were dismissed on entirely different grounds. Moreover, the weight and precedential value of *Kona* has been called into question by subsequent courts. *See Archer*, 2007 WL 4258237, at *3. Finally, the rule as articulated in *Kona* allows one party to collect fees under state law for "permanently defeating a lawsuit," even when the judgment is on procedural grounds. *Kona*, 229 F.3d at 888. As framed by the *Kona* court, then, this rule is more germane to a determination of whether a party is, as a matter of law, a "prevailing party", rather than to the determination of whether a court has the authority to award these fees at all. Indeed, *Kona* is not the first court to collapse jurisdictional analysis with "prevailing party" analysis to arrive at the conclusion that it has the authority to award fees. *See Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923 (7th Cir. 2000), *cert. denied*, 532 U.S. 994 (2001) (holding that a district court's lack of jurisdiction over the merits of an environmental organization's action under the Emergency Planning and Community Right-To-Know Act, due to lack of a redressable injury, did not preclude jurisdiction over the defendant's subsequent

---

entitled to attorneys' fees pursuant to this Court's authority under 28 U.S.C. Section 1447(c). Defendant has not, however, advanced such an argument.

request for attorneys' fees, *since a dismissal for want of jurisdiction foreclosed plaintiff's claim and rendered Defendant a "prevailing party"*). In this Court's view, "prevailing party" analysis is separate from the jurisdictional inquiry, and becomes relevant only if a court first determines that it has the authority and jurisdiction to award fees.[3] Regardless, Defendant in this case has not in fact permanently defeated any of the claims against it, as Plaintiff is currently pursuing its action in state court and could obtain a favorable judgment against Defendant there. (Pl. Resp., Doc. No. 19, at 5.) As such, even under the rule as constructed by the *Kona* court, it is apparent that this Court lacks the authority award fees under state law.

Finally, in the unpublished Eleventh Circuit case *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors*, 270 Fed. Appx. 962 (11th Cir. 2008), discussed further below, the court affirmed the district court's award of attorneys' fees pursuant to a Florida statute, although the underlying claim had been dismissed. In holding that it had jurisdiction, the court relied on cases in which fees were awarded pursuant to Federal Rule 11 and Section 1447(c). As discussed above, the Court is not persuaded that the propriety of awarding fees pursuant to federal law can serve as the jurisdictional basis for federal enforcement of state fee-shifting provisions. We therefore decline to follow the holding in that case.

Accordingly, this Court is without the authority to award attorneys' fees under state law provisions when it lacks diversity jurisdiction over the underlying claims. Persuasive authority strongly suggests that such an award would exceed the powers granted to federal courts under Article III of the Constitution and under federal law.

### III. LEGAL STANDARD- MOTION FOR FEES

---

[3] The "prevailing party" status of Defendant in this case is analyzed further, below.

In addition, even if this Court did have the authority to award fees pursuant to state statutes, Defendant would not qualify for such an award in this case. Federal Rule of Civil Procedure 54 provides "unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party." In diversity cases, state law governs the award of attorneys' fees. *See, e.g., Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 230 (5th Cir. 2000); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1487 (5th Cir. 1990); *Gulf Union Indus., Inc. v. Formation Sec., Inc.*, 842 F.2d 762 (5th Cir. 1988); *U.S. v. City of Twin Falls, Idaho*, 806 F.2d 862, 879, (9th Cir. 1986); *cert. denied*, 482 U.S. 914 (1987); *Public Serv. Co. of Colorado v. Continental Cas. Co.*, 26 F.3d 1508, 1520 (10th Cir. 1994); *Trans Coastal Roofing Co. v. David Boland, Inc.*, 309 F.3d 758 (11th Cir. 2002).

Here, Defendant initially moved for attorneys' fees under both Texas Civil Practice and Remedies Code Section 38.001 as well as under Florida Statutes Section 627.428. Section 38.001 of the Texas Civil Practice & Remedies Code provides, in relevant part, that "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM.CODE § 38.001. Section 627.428 of Florida law provides "[u]pon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court . . . shall adjudge or decree against the insurer and in favor of the insured or beneficiary a

reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had."

### A. Recovery under Texas Law

This Court has previously held that "in order to recover attorney's fees pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code, a party must be a prevailing party and recover actual damages on its claim." *McGinnis v. Union Pacific R. Co.*, 612 F. Supp. 2d 776, 794 (S.D. Tex. 2009) (citing cases). Moreover, the Fifth Circuit has, based on a Supreme Court ruling, clarified what is necessary for an individual to qualify as a "prevailing party." To qualify as a "prevailing party", the plaintiff must (1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement. *Walker v. City of Mesquite, TX*, 313 F.3d 246, 249 (5th Cir. 2002) (citing *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)).

Subsequently, courts applying this standard have found that dismissal for lack of subject matter jurisdiction does not bestow "prevailing party" status. *See Vantage Trailers, Inc. v. Beall Corp.*, 2008 WL 4093691, at *1 (S.D. Tex. 2008) (holding that because there was no decision on the merits, the legal relationship between the parties was not altered so as to support an award of attorney's fees under Section 1117(a)); *C.H. v. Northwest Independent School Dist.*, 2008 WL 2962140, at *1 (E.D. Tex. 2008) (holding that "since this case was dismissed for lack of subject matter jurisdiction, the Defendant does not meet the Fifth Circuit's definition of a 'prevailing party'" in the context of the Individuals with Disabilities Education Act)); *see also Torres-Negron v. J*

*& N Records, LLC,* 504 F.3d 151, 164 (1st Cir. 2007) (holding dismissal for want of subject matter jurisdiction did not entitle the defendant to a fee award under the Copyright Act); *Miles v. State of California,* 320 F.3d 986, 988 (9th Cir. 2003) (in the context of a 42 U.S.C. Section 1983 claim and request for attorneys' fees pursuant to 42 U.S.C. Section 1988, a defendant is not a "prevailing party" when a case is dismissed for lack of subject matter jurisdiction). While these cases examine "prevailing party" status under statutes other than the particular Texas remedial statute at issue here, the Court finds the reasoning of these cases highly persuasive, and sees no principled reason not to apply this analysis in the context of Section 38.001. Thus, Defendant does not qualify for fees under Section 38.001 of the Texas Civil Practice and Remedies Code, as interpreted by Texas courts, because it has neither recovered damages nor was it the "prevailing party" in the proceedings before this Court.

### B.     Recovery under Florida Law

In its Reply brief, Defendant concedes that if Texas law were to apply to this dispute, its Motion for Fees would be "premature." (Def. Reply, Doc. No. 20-1, at 5 n.1.) Nonetheless, Defendant argues that, under Florida Statute Section 627.428, dismissal for lack of subject matter jurisdiction is sufficient to warrant an award of attorneys' fees. Defendant relies heavily on an Eleventh Circuit case, *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors*, 270 Fed. Appx. 962 (11th Cir. 2008) to support this contention. In *Prime*, the court specifically found that Section 627.428 does not, by its terms, "require an insured party to succeed on the merits of a case in order to recover attorney's fees." *Id.* at 964. The Court also noted that "Florida courts applying the statute have awarded attorney's fees even in cases where the insured party did not prevail 'on the merits'." *Id.*

9

(citing cases). The court ultimately concluded that the trial court's award of attorneys' fees in favor of the insured because the insurer's third amended complaint was dismissed for failure to satisfy the amount in controversy requirement should be affirmed.

Defendant asks this Court to adopt the findings and holdings of *Prime* wholesale, and concludes that it is entitled to fees because, as in *Prime*, Plaintiff's action was dismissed for lack of subject matter jurisdiction. The Court, however, declines to construe the holding of *Prime* so broadly. This Court understands *Prime* to stand only for the proposition that, in order for the insured party to prevail under Florida Statues Section 627.428, a case need not have been adjudicated on the merits. Indeed, outside of the federal civil rights context, it is not uncommon for courts interpreting statutory attorney fee provisions to find that a victory on the merits is unnecessary. *See, e.g., Anderson v. Melwani*, 179 F.3d 763, 765-66 (9th Cir. 1999) (noting that "outside the federal civil rights context, most of the cases construing statutory attorney's fees provisions do not require a 'prevailing party' to win on the merits"). This does not mean, however, that in all cases in which a complaint is dismissed for lack of subject matter jurisdiction, one party is automatically entitled to fees.[4] The Court must still engage in a determination of whether, under the circumstances of this case, Defendant can truly be said to have "prevailed" such that it qualifies for an award of fees.

We hold that Defendant does not so qualify. Even under *Prime*'s holding that a case need not be adjudicated on the merits to trigger the Florida fee statute, and under the

---

[4] The Court notes that *Prime* is factually distinct from this case in material respects. There, the court dismissed plaintiff's third amended complaint for failure to meet the amount in controversy requirement for diversity jurisdiction, and gave plaintiff additional time to cure the jurisdictional defect. Thus, defendant was subject to a more protracted process prior to the dismissal of plaintiff's case. Moreover, there is no indication in *Prime* that plaintiff later pursued its claim in state court. Thus, in finding that defendant in that case was entitled to fees under Section 627.428, the district court was confronted with different set of circumstances, which strongly counsels against applying its holding too broadly.

presumption that Supreme Court's analysis as to what constitutes a "prevailing party" is irrelevant to the application this particular statute, the circumstances in this case strongly counsel against finding that Defendant is a "prevailing party" such that it should be awarded fees. Plaintiff correctly points out that "this Court's dismissal for lack of subject matter jurisdiction in federal court did not foreclose the possibility that Plaintiff could pursue its declaratory judgment action in state court." (Pl. Resp., Doc. No. 19, at 5.) According to Plaintiff, it has already pursued this course. (*Id.*) Thus, this Court's ruling neither addressed the merits of Plaintiff's underlying action, nor did it in any way foreclose, prevent, or even frustrate the possibility that Plaintiff might ultimately succeed in its suit against Defendant. In fact, this Court's ruling had virtually no impact whatsoever on the legal relationship between these parties. Moreover, were Plaintiff to receive a favorable judgment in the forum in which its claim is now being heard and will eventually be resolved, this Court would be in the position of having deemed Defendant a "prevailing party" in an action for which Plaintiff actually received a successful judgment on the merits. It is to avoid this absurd result that "prevailing party" jurisprudence has emerged. Indeed, it seems logical that only a forum that renders a judgment which bears on the viability of Plaintiff's claims can assess the appropriateness of an attorneys' fee award.

In light of these considerations, this Court holds that, under Florida Statutes Section 627.428, even as interpreted by *Prime*, Defendant in this case is not a "prevailing party" and therefore does not qualify for attorneys' fees. Thus, even if this Court had the authority to award fees pursuant to Texas and Florida law, Defendant is not entitled to

11

such fees in either state.[5] As such, the Court need not reach the question of which state's law should apply in this instance, or of whether the amount of fees sought by Defendant is reasonable.

## IV. CONCLUSION

For the reasons articulated in this Memorandum and Order, Defendant Tomac of Florida, Inc.'s Motion for Attorneys' Fees, (Doc. No. 18), is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 4th day of February 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[5] This Court further notes that its "prevailing party" status analysis is consistent with its conclusion regarding its lack of authority to award fees. In order for a party to qualify for fees, a court must find that it has prevailed. Under the standard articulated by the Supreme Court and generally applied in federal courts, to find that one party has prevailed, the court must grant relief, affect the legal relationships of the parties, or affect one party's behavior. *See Walker v. City of Mesquite, TX*, 313 F.3d 246, 249 (5th Cir. 2002). To render a judgment with these types of effects, however, it would seem that a court would necessarily need to either exercise jurisdiction over a claim or, at the very least, dismiss it on grounds that held some degree finality. This Court has done none of those things in this case. Thus, this Court's conclusion that Defendant is not a "prevailing party" such that it qualifies for fees is consistent with its holding that the Court lacks the authority to award these fees, because it is without the power to sufficiently alter the relationship between the parties.